UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRINGTON, et al.,<br><br>    Defendants. | No. 2:21-cv-01936-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. For the third time, he moves to extend the deadline for the close of discovery and for the filing of dispositive motions as established by the court's discovery and scheduling order. *See* ECF No. 27. Plaintiff requests another 60-day extension of time because of limitations imposed by yet another modified program resulting from Covid-19 outbreak quarantine procedures at his prison. *Id.* Defendants did not respond to plaintiff's request.

Good cause appearing, plaintiff's motion (ECF No. 27) is GRANTED and the discovery and scheduling order is MODIFIED as follows:

1. The parties may conduct discovery until March 31, 2023. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than January 27, 2023.

/////

1

    2. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than March 31, 2023.[1]

    3. Dispositive motions shall be filed on or before June 30, 2023.

    4. The court is not inclined to further extend these deadlines.

So ordered.

Dated: November 29, 2022.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).