UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MURRAY,<br><br>        Plaintiff,<br><br>    v.<br><br>HARRINGTON, et al.,<br><br>        Defendants. | No. 2:21-cv-01936-EFB (PC)<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. ECF No. 1. This case proceeds on Fourteenth Amendment due process and equal protection claims against five defendants: Harrington, Cherinka, Avalos, Holmes, and Allison. ECF No. 8 at 3. The defendants' have filed a motion for summary judgment, ECF No. 34, which the plaintiff has opposed. ECF Nos. 35 & 38. As explained below, defendants' motion must be granted.

**I.    The Complaint**

    Plaintiff claims that defendants violated plaintiff's rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses by denying plaintiff, a non-binary transgender inmate, a transfer to a female institution. Plaintiff claims that under state law the transfer should have been granted. ECF No. 1 at 4, 12. The court previously determined that the complaint stated potentially cognizable Fourteenth Amendment claims against all named

1

1. defendants, four of whom (Harrington, Cherinka, Avalos, and Holmes) are officials at Central California Women's Facility, California Medical Facility, and Mule Creek State Prison, respectively. *See* ECF No. 8 at 3. The fifth defendant, Allison, is a California Department of Corrections and Rehabilitation (CDCR) official. *See id.*

Attached to the complaint is a 2021 inmate appeal, Log No. 124714, in which plaintiff alleges to have been discriminated against "because of my gender identity." ECF No. 1 at 20. Plaintiff's June 3, 2021 grievance reads in relevant part:

> As a non-binary transgender under SB 132[1], I have a right to be housed based on my preferences. I been [sic] eligible for transfer to a female institution but was denied until I completed [a pre-transfer class], which I've done. . . . They chose to not appropriately house me when the law clearly states [transgender and other persons] are eligible to be housed based on gender identity and preferences.

*Id.* Plaintiff asserts in the complaint that administrative remedies for this grievance were exhausted. *Id.* at 4, 12.

In the complaint, plaintiff claims to have been treated differently than other similarly situated transgender inmates in violation of the 14th Amendment Equal Protection clause. *Id*. at 14; *see also id.* at 15 ("The reasoning behind said transfer denial was that non-binary inmates were allegedly not being considered at that time."). However, the complaint further alleges that prison officials "later determined . . . that CDCR policy and SB 132 had been violated." *Id.* at 14. Plaintiff attaches a September 13, 2021 decision granting appeal No. 124714, noting that "excluding appellant from transfer consideration due to the non-binary designation was a violation of policy. *Id*. at 26.

////
////
////

---

[1] According to the CDCR website: "Senate Bill 132, The Transgender Respect, Agency and Dignity Act, became effective on January 1, 2021. It allows incarcerated transgender, non-binary and intersex people to request to be housed and searched in a manner consistent with their gender identity." Available at https://www.cdcr.ca.gov/prea/sb-132-faqs/ (last accessed 2/12/24).

## II. Legal Standards

### A. Summary Judgment under Rule 56

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record…." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or shows that the materials cited by the movant do not establish the absence of a genuine dispute. *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *see Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987). In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec.*

*Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  *See Anderson*, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  *See Matsushita*, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

### III.     Motion for Summary Judgment

Defendants argue that plaintiff cannot establish a Fourteenth Amendment due process violation because the transfer decision did not implicate a protected liberty interest.  Defendants further argue that plaintiff cannot establish intentional discrimination as required to proceed with an equal protection claim.

#### A.     Undisputed Facts

The following facts are undisputed[2]: Plaintiff Paul Murray identifies as non-binary and is currently incarcerated at Mule Creek State Prison (Mule Creek), a male facility.  DSUF 1.  Murray is currently serving a life sentence without the possibility of parole after committing particularly violent offenses.  Murray first robbed a bank and threatened to kill the bank employees.  Murray then robbed a food market, dragged an employee around the store, and tried to execute two employees.  Murray killed one and placed the other in a month-long coma which led to permanent brain injury and disfigurement.  DSUF 2.  In or around 2021, Murray submitted

---

[2] *See* ECF No. 35-4 (Defendants' Statement of Undisputed Facts (DSUF)) & ECF No. 35 (Plaintiff's Response to DSUF).

a Gender Based Transfer Request to be transferred from Mule Creek to one of CDCR's women's facilities. DSUF 3. California recently passed the Transgender Respect, Agency, and Dignity Act, under which incarcerated individuals are to be housed in accordance with their preferred gender identity. CDCR inmates at male institutions are not guaranteed placement at female institutions upon request, however. DSUF 4. When evaluating Gender Based Transfer Requests, CDCR must prioritize the safety and security of its institutions. CDCR must also consider departmental needs and resources, the inmate's classification score, and the inmate's needs. Such decisions are necessarily made on a case-by-case basis. DSUF 5.

On October 20, 2021, when an Institutional Classification Committee heard Murray's request for transfer, Murray had a high classification score, 126, which required that they be placed in high security housing. DSUF 6, 8. Murray's record also revealed a violent disciplinary history: They had been disciplined at last seven times within the past two years for aggressive or violent behavior. DSUF 9.

Because of plaintiff's violent history, CDCR concluded that Murray posed an impermissible security risk at a women's facility, and Murray's presence would negatively impact the culture at the female institution. DSUF 11. CDCR denied Murray's request for transfer for this reason and also because it concluded that Murray was already able to safely be housed with other gender-nonconforming individuals at Mule Creek. DSUF 14. Significantly, CDCR did not deny Murray's request because of Murray's identify as non-binary. DSUF 15.

### B.   Discussion

In opposition to summary judgment, plaintiff asserts that "the issues defendants [raise in their motion] are not addressed in" the grievance referenced in the complaint, Log No. 124714, the only grievance at issue in this lawsuit. ECF No. 35 at 2 ("the issues defendants are relying on are not addressed in the grievance (Log # 124714) and civil suit."). Plaintiff clarifies that the October 2021 transfer decision described by defendants is the subject of later inmate appeals "which are not applicable to this action." *Id.*

In fact, the June 2021 grievance (Log No. 124714) that is the subject of the complaint predates the October 2021 transfer decision described in defendants' summary judgment motion.

As to Log No. 124714, appealing an earlier decision not to transfer plaintiff because of being non-binary, plaintiff concedes that this appeal was granted in a September 13, 2021 CDCR decision, a copy of which is attached to the complaint. ECF No. 35 at 3 ("Plaintiff appealed said decision and their appeal was granted."); *see* ECF No. 1 at 26 (9/13/21 decision granting appeal No. 124714, noting that "excluding appellant from transfer consideration due to the non-binary designation was a violation of policy. For these reasons, the claim is granted."). In response to defendants' motion for summary judgment, plaintiff clarifies that the instant lawsuit does not concern "any other issue or action under any other grievance log number[.]" ECF No. 35 at 6.

      In reply, defendants point out, and properly so, that in light of the clarification that plaintiff's suit challenges an agency decision that was later reversed in the grievance process, plaintiff has not suffered any legal wrong, and any constitutional claims surrounding the earlier, reversed CDCR decision has been rendered moot. ECF No. 38 at 2. Indeed, plaintiff has not shown a genuine dispute of material fact as to any harm suffered from the earlier classification decision based on plaintiff's non-binary status; a claim which was resolved in plaintiff's favor through the inmate appeal process. There is simply no factual dispute that the claim asserted in plaintiff's complaint is moot and summary judgment must be granted. *See Celotex Corp.,* 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

      Accordingly, it is HEREBY ORDERED THAT this case be assigned to a district judge.

      IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion for summary judgment (ECF No. 34) be granted;
2. Judgment be entered for defendants; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE